PEARSON LAW GROUP
By: Briana Lynn Pearson, Esquire
Briana Lynn Pearson, Esquire
Attorney ID No. 327007
1626 Locust Street
Philadelphia, PA 19103
P: 484-469-0322
F: 856-229-9991
bpearson@pearsonlawgroup.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| ERICA S. CHANDLER, : | |
| 110 Hess Blvd : | |
| Lancaster, PA 17601 : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 2:21-cv-05101 |
| La-Z-Boy Inc. : | |
| 1 La-Z-Boy Drive : | |
| Monroe, MI 48162 : | |
| : | |
| Defendant. : | |

_____

**COMPLAINT**

AND NOW, comes Plaintiff, Erica S. Chandler, by and through the undersigned counsel, averring as follows:

**PARTIES**

1. Plaintiff, Erica S. Chandler (hereinafter "Ms. Chandler"), is an adult individual who currently resides at 110 Hess Blvd Lancaster, PA 17601.

2. Defendant, La-Z-Boy Inc. (hereinafter "Defendant"), is a furniture manufacturer based in Monroe, Michigan.

3. Defendant sells furniture at its retail stores located across the United States and internationally.

4. Ms. Chandler worked for Defendant at its retail location located at 1484 Harrisburg Pike. Lancaster, PA 17601.

## NATURE OF THE ACTION

5. This action arises pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981") 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Ms. Chandler's discrimination claims pursuant to 28 U.S.C. § 1331.

7. Ms. Chandler is a resident and citizen of Pennsylvania, a substantial amount of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 25 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

8. Ms. Chandler is an African American woman who was employed as a Sales Associate for Defendant.

9. Ms. Chandler has several years of experience in sales and customer service making her highly qualified for the position she held with Defendant.

10. Ms. Chandler interviewed with Defendant for a Full-Time Sales Lead position in or around March of 2018.

11. In or around March of 2018 Defendant required Ms. Chandler to undergo a background check and drug testing.

12. Ms. Chandler's drug tests were negative.

13. Shortly after undergoing the background check Ms. Chandler received a phone call from Kathy Bleier; at all times relevant Kathy Bleier was acting on behalf of Defendant and as a Human Resources representative of Defendant.

14. During Kathy Bleier's call to Ms. Chandler she inquired about a 2002 drug possession conviction Ms. Chandler had on her record.

15. Under Pennsylvania law, an employer may only consider an applicant's felony or misdemeanor convictions in the hiring process only if the conviction relates to the applicant's suitability for the job.

16. Ms. Chandler's sixteen-year-old conviction did not relate to the job for which Ms. Chandler was being considered.

17. Upon information and belief Defendant first discriminated against Ms. Chandler when considering her irrelevant conviction in her hiring process.

18. Upon information and belief Defendant does not consider the irrelevant convictions of its Caucasian employees.

19. On or about April 2, 2018 Ms. Chandler began working for Defendant as a Sales Associate.

20. On or about April 28, 2018 Ms. Chandler was referred to as the "Colored Girl" by Defendant's Sales Manager Frances McClure.

21. Ms. Chandler asked Defendant's Sales Manager not to refer to her as the "Colored Girl" and explained how demeaning it was to be called the "Colored Girl."

22. Ms. Chandler further explained to Defendant's Sales Manager that being called "Colored" was the same as being called any other racial slur; Ms. Chandler also explained the same to Defendant's District Manager Aaron Swartout.

23. Sometime later Defendant's Sales Manager disclosed to Ms. Chandler that she was written up for calling her "Colored" and that she had been written up previously for mistreating another employee.

24. Despite the fact that Defendant's Sales manager had mistreated an employee prior to her calling Ms. Chandler a racial slur, she remained Defendant's Sales Manager.

25. From the time that Ms. Chandler began working for Defendant in April of 2018 through the time that she was constructively discharged in May of 2019 Ms. Chandler, Defendant' only African American employee at their Lancaster location, was harassed, taunted and singled out on a daily basis.

26. Ms. Chandler's Caucasian coworkers would whisper "ssssickkkk" and "lazzzzyyy" as Ms. Chandler walked by.

27. This type of taunting continued during the entire duration of Ms. Chandler's employment with Defendant.

28. This all took a toll on Ms. Chandler physically and emotionally.

29. On or about May 15, 2019, Ms. Chandler was forced to terminate her position with Defendant or face continued discriminatory treatment.

**COUNT I**
**RACIAL DISCRIMINATION IN VIOLATION OF SECTION 1981**

30. Ms. Chandler incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.
31. 42 U.S.C. § 1981(a) provides that:
    a. "[a]ll persons within the jurisdiction of the United States shall have the same right … to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws …as is enjoyed by white citizens."
    b. *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975) (holding that Section 1981 "affords a federal remedy against discrimination in private employment on the basis of race."); see also, *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media,* 140 S. Ct. 1009, 1010 (2020).
32. Thus, Section 1981 prohibits employers from engaging in intentional racial discrimination.
33. Ms. Chandler experienced discrimination during the entire duration of her employment with Defendant.
34. Ms. Chandler was ultimately forced out of her position.
35. Defendant and its agents subjected Ms. Chandler to the above-mentioned adverse employment actions, and not her Caucasian counterparts. Therefore, Defendant deprived Ms. Chandler of the full and equal benefit of all laws as is enjoyed by white citizens, in direct violation of Section 1981.
36. Defendant subjected Ms. Chandler to the adverse employment actions because of her race, and therefore deprived her the same right to make and enforce contracts as is enjoyed by white citizens, in direction violation of Section 1981.

37. Defendant's actions against Ms. Chandler were undertaken with wanton, willful and reckless indifference to Ms. Chandler's federally protected right to make and enforce contracts regardless of her race.

38. As a direct and proximate result of the aforementioned conduct, Ms. Chandler suffered actual damages, including, but not limited to, lost wages, benefits, emotional distress, anxiety, loss of reputation, loss of professional opportunities, humiliation and severe inconvenience all in the past, present and future.

WHEREFORE, Plaintiff, Ms. Chandler, hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests that the Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, costs, and reasonable attorney's fees.

## COUNT II
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF SECTION 1981

39. Ms. Chandler incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

40. To establish a § 1981 claim alleging a hostile work environment based on race, a plaintiff must show that: "(1) the employee suffered intentional discrimination because of his/her race, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of respondeat superior liability, meaning the employer is responsible." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017)

41. Ms. Chandler faced discriminatory treatment in the form of a racially discriminatory culture and environment throughout her employment.

42. Ms. Chandler's supervisor, Frances McClure created a racially hostile work environment when she called Ms. Chandler a "Colored Girl" at the very beginning of her employment with Defendant.

43. Furthermore, Defendant retaliated against Ms. Chandler when she reported the hostile work environment by allowing its employees to further harass, and taunt Ms. Chandler.

44. Finally, Defendant forced Ms. Chandler to resign because the hostile work environment Defendant subjected Plaintiff had taken a toll on her mental health and physical health.

45. Therefore, Defendant permitted, condoned, and perpetuated the racially hostile work environment to which Ms. Chandler was forced to endure, and therefore deprived her of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

46. Defendant's actions against Ms. Chandler were undertaken with reckless indifference to Ms. Chandler's federally protected right to make and enforce contracts irrespective of her race.

47. As a result of Defendant's racial discrimination against Ms. Chandler, Ms. Chandler has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff, Ms. Chandler, hereby requests this Honorable Court consider the above and grant relief in her favor. Specifically, Plaintiff requests this Court award her back pay, front pay, any other compensatory and punitive damages as calculated by the Court, pre-judgment and continuing interest as calculated by the Court, costs, and reasonable attorney's fees.

        Respectfully submitted,

        PEARSON LAW GROUP

Dated: 11-18-21

By: _____
     Briana Lynn Pearson, Esquire
     *Attorneys for Plaintiff*