IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERICA S. CHANDLER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:21-cv-05101-JMG |
| | : | |
| LA-Z-BOY, INC., | : | |
| Defendant. | : | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                          February 4, 2022

Plaintiff Erica Chandler sues her former employer, Defendant La-Z-Boy, Inc., for discrimination based on her race under 42 U.S.C. § 1981. *See* Compl., ECF No. 1. La-Z-Boy has filed a motion to dismiss. *See* Mot., ECF No. 3. Chandler opposes the motion. *See* Opp'n, ECF No. 4. For the following reasons, the Court grants the motion.

**I.        FACTUAL BACKGROUND**[1]

Chandler is an African American woman who, in March 2018, applied for a sales position with La-Z-Boy. Compl. ¶¶ 8–10. As part of the application, Chandler underwent a background check. *Id.* ¶ 11. Thereafter, a human resources representative from La-Z-Boy asked Chandler about a sixteen-year-old criminal conviction on her record. *Id.* ¶¶ 13–16. Chandler alleges that La-Z-Boy "does not consider the irrelevant convictions of its Caucasian employees" during its hiring process. *Id.* ¶¶ 17–18. In any event, La-Z-Boy hired Chandler in April 2018. *Id.* ¶ 19.

Just three weeks into Chandler's employment, she was called a "colored girl" by her

---

[1] This summary is premised on the factual allegations contained in the complaint. For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Chandler.

manager. *Id.* ¶ 20. Chandler objected to the comment and reported the incident to her district supervisor. *Id.* ¶¶ 21–22.

Chandler alleges that, over the following year, she was "harassed, taunted and singled out on a daily basis." *Id.* ¶ 25. Her white colleagues would whisper "sick" and "lazy" as Chandler walked by. *Id.* ¶¶ 26–27. This taunting affected Chandler "physically and emotionally." *Id.* ¶ 28. Ultimately, it prompted Chandler to resign from her position in May 2019. *Id.* ¶ 29.

Chandler now asserts that she "experienced discrimination during the entire duration of her employment with" La-Z-Boy and was subjected to a hostile work environment. *See id.* ¶¶ 30–47.

## II.   STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive the motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Third Circuit courts use a three-step framework to evaluate the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we note "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). We then "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity

of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In performing this analysis, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

### III. DISCUSSION

La-Z-Boy moves to dismiss Chandler's two claims, contending that: (1) Chandler cannot state a claim for race discrimination under § 1981 because she fails to adequately plead an adverse employment action; and (2) Chandler cannot state a claim for hostile work environment under § 1981 because the race-based conduct alleged is not severe or pervasive. The Court agrees with La-Z-Boy and addresses its arguments in turn.

#### A. Race Discrimination (Count 1)

"A plaintiff raising a claim of discrimination under § 1981 must allege facts showing '(1) that [she] belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981.'" *Summers v. Child.'s Hosp. of Phila.*, No. 21-3479, 2021 WL 5789057, at *2 (E.D. Pa. Dec. 7, 2021) (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)). "In the context of employment discrimination claims, the Third Circuit has explained that 'the substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII.'" *Id.* (quoting *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–82 (3d Cir. 2009)).

Chandler attempts to plead race discrimination under the pretext theory provided by

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See* Opp'n 4.  Under the *McDonnell Douglas* framework, Chandler must show: "1) membership in a protected class; 2) qualification to hold the position; 3) an adverse employment action under 4) 'circumstances that could give rise to an inference of discrimination.'"  *Summers*, 2021 WL 5789057, at *2 (quoting *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008)).

At issue here is the third element.  "An adverse employment action is an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."  *Henley v. Brandywine Hosp., LLC*, No. 18-4520, 2019 WL 3326041, at *9 (E.D. Pa. July 24, 2019) (internal quotation marks and citation omitted).  "For example, [t]ermination, failure to promote,[] failure to hire[,] . . . [and] actions that reduce opportunities for promotion or professional growth can constitute adverse employment actions."  *Id.* (internal quotation marks and citation omitted).

A constructive discharge can also amount to an adverse employment action.  *See Embrico v. U.S. Steel Corp.*, 245 F. App'x 184, 187 (3d Cir. 2007) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 n.32 (3d Cir. 2006)).  "Constructive discharge occurs when an employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign."  *Id.* (quoting *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 317 n.4 (3d Cir. 2006)).  The Third Circuit has prescribed several factors that are probative of a constructive discharge: "(1) threat of discharge; (2) suggesting or encouraging resignation; (3) a demotion or reduction of pay or benefits; (4) involuntary transfer to a less desirable position; (5) alteration of job responsibilities; and (6) unsatisfactory job evaluations."  *Lebofsky v. City of Phila.*, 394 F. App'x 935, 939 (3d Cir. 2010) (citing *Clowes v. Allegheny Valley Hosp.*, 991 F.2d 1159, 1161 (3d Cir. 1993)).

Chandler pleads that "she was constructively discharged in May of 2019."[2]  Compl. ¶ 25; *see also id.* ¶ 44.  But even accepting Chandler's allegations as true, and drawing all reasonable inferences in her favor, she fails to allege conditions of discrimination "so intolerable that a reasonable person subject to them would resign."[3]  *Embrico*, 245 F. App'x at 187 (internal quotation marks and citation omitted).

The lone piece of race-related harassment alleged here is the "colored girl" comment, which occurred only once, over a year before Chandler's resignation.  *See* Compl. ¶¶ 20, 29.  Constructive discharge requires a "greater severity or pervasiveness of harassment than the minimum required to prove a hostile working environment." *Spencer*, 469 F.3d at 316 n.4 (quoting *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992)).  "Isolated incidents and 'offhanded comments . . . are not sufficient to sustain a hostile work environment claim,'" so they necessarily fail to establish constructive discharge, too.  *Stucke v. City of Phila.*, 685 F. App'x 150, 153 (3d Cir. 2017) (quoting *Caver v. City of Trenton*, 420 F.3d 243, 262 (3d Cir. 2005)).  As such, the "colored girl" comment, while clearly offensive, is not the sort of "extremely serious" comment

---

[2]    The Court is also cognizant that "a plaintiff may prove an adverse employment action by proving that he or she was subjected to a hostile work environment." *Greer v. Mondelez Glob., Inc.*, 590 F. App'x 170, 173 (3d Cir. 2014) (citation omitted).  That said, Chandler's attempt at pleading a hostile work environment also falls short.  *See infra* Section III.B.

[3]    To the extent Chandler's discrimination claim is also based on La-Z-Boy's allegedly disparate hiring practices, her conclusory allegations, based "upon information and belief," do not pass muster.  *See* Compl. ¶ 18 ("Upon information and belief Defendant does not consider the irrelevant convictions of its Caucasian employees.").  "The Third Circuit has explained that pleading upon information and belief is permissible where the factual information is 'peculiarly within the defendant's knowledge or control' *and* the plaintiff accompanies their legal theory with sufficient factual allegations that make their theoretically viable claim plausible." *Keita v. Delta Cmty. Supports, Inc.*, No. 19-5967, 2020 WL 3453718, at *4 (E.D. Pa. June 24, 2020) (emphasis added) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002)).  "However, boilerplate and conclusory allegations," of the sort raised here, "do not support a pleading upon information and belief." *Id.* (citing *In re Rockefeller Ctr.*, 311 F.3d at 216).

that would otherwise support a constructive discharge claim. *Caver*, 420 F.3d at 262; *see, e.g.*, *Castleberry v. STI Grp.*, 863 F.3d 259, 265 (3d Cir. 2017) (reversing dismissal of employment discrimination claim where plaintiffs "alleged that their supervisor used a racially charged slur in front of them and their non-African-American coworkers . . . accompanied by threats of termination"); *Hoff v. Spring House Tavern*, No. 13-0662, 2013 WL 2434615, at *5 (E.D. Pa. June 5, 2013) ("Plaintiff was not constructively discharged when his supervisor failed to terminate a co-worker who had made one inappropriate racial comment."). Chandler's discrimination claim fails.

### B.  Hostile Work Environment (Count 2)

"A hostile work environment claim under Section 1981 is analyzed in the same manner as under Title VII." *Miller v. Thomas Jefferson Univ. Hosp.*, 908 F. Supp. 2d 639, 653 (E.D. Pa. 2012). "To succeed on a hostile work environment claim, a plaintiff must prove: (1) she suffered intentional discrimination on the basis of race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person in like circumstances; and (5) there is a basis for employer liability, such as *respondeat superior*." *Id.* (citing *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999)).

Chandler's hostile work environment claim is primarily rooted in the aforementioned "colored girl" comment. It bears repeating that "[i]solated incidents and offhanded comments . . . are not sufficient to sustain a hostile work environment." *Stucke*, 685 F. App'x at 153 (internal quotation marks and citation omitted). The "colored girl" comment is undoubtedly offensive, but "the fact that Plaintiff encountered an unpleasant isolated incident does not mean that the terms and conditions of Plaintiff's employment were altered." *Hoff*, 2013 WL 2434615, at *4 (collecting cases); *see also Canada v. Samuel Grossi & Sons, Inc.*, 476 F. Supp. 3d 42, 58 (E.D. Pa. 2020)

("For racist comments, slurs and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity[] . . . ." (internal quotation marks and citation omitted)).  Standing alone, the comment is not sufficiently severe or pervasive to support a hostile work environment claim.

The taunts from Chandler's colleagues also do not support her claim because those taunts, on their face, were not racially based, and there are no facts alleged that otherwise suggest that they were racially motivated.  *Cf. Mudie v. Phila. Coll. of Osteopathic Med.*, No. 21-2156-KSM, 2021 WL 6136937, at *4 (E.D. Pa. Dec. 29, 2021) ("[A]llegations . . . entirely untethered from . . . race . . . do not support a § 1981 claim."); *Barber v. A&J Hometown Oil, Inc.*, No. 11-cv-3350, 2012 WL 13049677, at *5 n.5 (S.D.N.Y. June 28, 2012) ("[C]omments unrelated to race or ethnicity cannot form the basis of a Section 1981 claim.").  Chandler has not alleged a plausible hostile work environment claim.

## IV.   CONCLUSION

For the foregoing reasons, La-Z-Boy's motion to dismiss is granted.  That said, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).  The Court cannot yet conclude that amendment would be futile.  As such, Chandler will be granted leave to amend.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge